# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-00159-01-CR-W-FJG |
| BRENT BACHTEL, | ) ) ) |
| Defendant. | ) ) |

# ORDER

Currently pending before the Court is defendant's Motion to Dismiss Based on Post-Indictment Delay (Doc. # 10).

The Government alleges that in May 2008, defendant Bachtel sold methamphetamine to undercover officer Erica Oldham on five occasions. After an undercover buy on May 27, 2008, Officer Oldham arrested Bachtel. During a search incident to the arrest, officers found a .40 caliber handgun lying on the front passenger seat of Bachtel's vehicle, as well as pre-recorded buy money, a clear plastic baggie containing approximately 56 grams of purported methamphetamine and a digital scale. Bachtel was interrogated the next day and released sometime afterward. On April 30, 2013, four years, eleven months and three days after his arrest, an indictment was returned and an arrest warrant was issued for Bachtel. The indictment charged Bachtel with intent to distribute methamphetamine in violation of 21 U.S.C.§§ 841(a)(1) and (b)(1)(B) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The statute of limitations governing the charges against

Bachtel requires that an indictment be returned within five years of the date of the offense. On January 30, 2015, twenty-one months after the indictment, Bachtel was arrested on the indictment warrant.

Bachtel moves to have the indictment against him dismissed based on a violation of the Sixth Amendment. The Sixth Amendment provides that in all criminal prosecutions the accused has the right to a speedy trial. Bachtel argues that his right was violated when the government failed to promptly arrest him after the indictment was returned. A defendant who claims that an indictment must be dismissed because his speedy trial rights were violated must initially allege "that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. Doggett v. United States, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992)(internal citations and quotations omitted). This threshold is met if the delay between indictment and arrest is at least a year. In this case, Bachtel has met this threshold because the period of time between his indictment and arrest was twenty-one months. If a defendant meets this threshold, then a Court must conduct the speedy trial analysis first outlined in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under Barker, a Court considers four factors: (1) the length of delay; (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial and (4) whether the delay prejudiced the defendant. Id. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d 101.

On February 12, 2015, defendant filed a Motion to Dismiss Based on Post-Indictment Delay (Doc. # 10). The Government responded and on March 12, 2015,

2

United States Magistrate John T. Maughmer conducted an evidentiary hearing on the Motion to Dismiss. Judge Maughmer heard testimony from detective Erica Oldham and Brent Bachtel. During the hearing, Detective Oldham testified that she does not know the reason for the delay between Bachtel's original arrest and interrogation and his indictment. Once an arrest warrant is issued following an indictment, the usual procedure is for the arrest warrant to be hand-delivered to the data entry criminal records section where it is imputed into a law enforcement computer system. The officer or detective who had the warrant put into data entry generally relays the information to those units and officers via email and phone calls. Detective Oldham does not know if there was any attempt to alert Bachtel of the fact that he had been indicted. Detective Oldham also testified that she had not made any effort to determine if the gun and drugs were still in the possession of law enforcement, however, she believed that they should still be available. Detective Oldham testified that she did not know if there was a video of Bachtel's interrogation. She also did not know if there was dashcam video of Bachtel's 2008 arrest. Bachtel first learned of his 2013 indictment and outstanding arrest warrant when he was pulled over in a traffic stop in January 2015. Since April 30, 2013, Bachtel has resided only with his parents in Independence, Missouri.

On April 16, 2015, Judge Maughmer entered a report and recommendation (Doc. # 22) which recommended granting defendant's motion to dismiss based on post-indictment delay. Judge Maughmer applying the four <u>Barker</u> factors found that the twenty-one month delay between indictment and arrest was a significant factor. As to the second factor, the Court found that while there was no evidence that the

3

government engaged in bad faith or intentional misconduct, "it is abundantly clear that law enforcement was disappointingly negligent in pursuing an arrest of Bachtel and there is no evidence before the Court to suggest that Bachtel contributed to the delay in any manner whatsoever." (Doc. # 22, p. 7-8). As to the third factor, assertion of speedy trial rights, Magistrate Maughmer concluded that based on the evidence presented, "there is no basis for finding evidence Bachtel knew or should have known of the indictment handed down against him on April 30, 2013. As a result, his failure to invoke his right to a speedy trial after the indictment and before his arrest does not weigh against him under Barker." (Doc. # 22, p. 8). The fourth Barker factor is prejudice to the defendant from the delay. In U.S. v. Rodriguez-Valencia, 753 F.3d 801 (8th Cir. 2014), the Court stated, "[t]his factor is assessed in the light of the interests of defendants which the speedy trial right was designed to protect . . . .(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. at 807-08 (internal citations and quotations omitted). Magistrate Maughmer found that only the third factor was at issue here, as Bachtel was not subject to pretrial incarceration and because he was unaware of the indictment, he was not subject to anxiety over the prosecution. Magistrate Maughmer determined that "prejudice may be presumed 'albeit unspecified' if the other Barker factors support a speedy trial violation unless there is evidence of 'the defendant's acquiescence' or the government 'persuasively rebut[s]' the presumption." (Doc. # 22, p. 10-11)(quoting Doggett, 505 U.S. at 658, 112 S.Ct. at 2694, 120 L.Ed.2d 520). In this case, Magistrate Maughmer determined that the government had not

4

persuasively rebutted the presumption because at the evidentiary hearing, the government could not produce evidence that the gun and drugs seized in 2008 were still available, nor could the government produce evidence as to whether a dash cam video or interrogation video ever existed.  Therefore, based on an analysis of the four Barker factors, Magistrate Maughmer recommends granting the motion to dismiss based on post-indictment delay.

    The Government filed an objection to the report and recommendation on April 29, 2015.  The Government states that its "only objection to the Report and Recommendation is to the final portion of the legal analysis in which the report concludes that the Government did not rebut the presumption of prejudice to the defendant because the Government failed to produce evidence that the gun and drugs seized were still available and whether or not the dash cam video or interrogation video ever existed."  The Government states that detective Oldham has since verified that the drugs, firearm and other evidence are still being held in the Kansas City Missouri Police Department's property room and are available for use at trial. Furthermore, based on the time of the initial interrogation, the detective does not believe it was standard practice by the Kansas City Missouri Police Department to record in custody interviews back in 2008 therefore no video should exist.  It is also her understanding that there is no dash cam video because officers assigned to the Street Narcotics Unit tactical unit did not have dash cams in their patrol cars." (Doc. # 25, Government's Objection, p. 2). The Government argues that it has now rebutted the claims of prejudice that Bachtel raised because it has shown that there was no dashcam or interrogation video and the

drugs and gun have been located. Thus, because there was no prejudice, the government argues that the motion to dismiss should be denied.

Bachtel argues in response that the government has not rebutted the presumption of prejudice, because the information that the detective has now verified that the gun and the drugs are available is simply an assertion and is not evidence. Bachtel argues that "[a]sserted facts contained within a pleading are not evidence." Bachtel states that the government had an opportunity to present any and all evidence at the evidentiary hearing, but failed to do so. Additionally, Bachtel states that the government does not even allege that there is definitely no video of the initial interrogation. The government in its objection states only that "the detective does not believe it was standard practice . . . to record in custody interviews back in 2008." (Doc. # 25, p. 2). Bachtel also argues that the government has not even established that the police officers who were involved in this case have any independent recollection of the events.

The Court agrees and finds that the Government has failed to rebut the presumption of prejudice. As the Supreme Court noted in Doggett, "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. . . .Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Id. at 655, 112 S.Ct. at 2692-93, 120 L.Ed.2d 520 (internal quotations and citations omitted). Similarly, in U.S. v. Erenas-Luna, No. 4:03CR3090, 2009 WL 2215127 (D.Neb. July 21,

2009), the Court analyzed whether the government had rebutted the presumption of prejudice. The court stated that where an investigator testified that one of the government witnesses' memory "had slipped a little bit" and another government witness could no longer identify the defendant from a photograph or recall other details, this demonstrated that the government had failed to rebut the presumption of prejudice. The Court stated "[t]hese examples indicate that there is simply no way to determine how the witnesses' memories were impacted or whether the reliability of defendant's trial was compromised by the lapse of time." Id. at *1.

In the instant case, although the government asserted that Detective Oldham verified the existence of the gun and the drugs *after* the evidentiary hearing, the Court does not find that this is evidence of that fact. The government did not even bother to offer an affidavit of Detective Oldham attesting to this fact. Additionally, there was no chain of custody information provided regarding the evidence. Nor was there anything more than an assertion by Detective Oldham that she "does not believe" that it was standard practice to record in custody interviews in 2008 and that it is "her understanding" that there was no dash cam video. The Court finds that these assertions by counsel for the government do not qualify as evidence and are not sufficient to rebut the presumption of prejudice.

Accordingly, after independent review of the record and applicable law, the Court hereby adopts and incorporates by reference herein, Magistrate Maughmer's findings and conclusions. The Court finds that Magistrate Maughmer correctly determined that the government did not overcome the presumption of prejudice in this case.

7

Therefore, the Court hereby **GRANTS** Defendant's Motions to Dismiss the Indictment (Doc. # 10).


Date:  May 7, 2015                   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                           United States District Judge